JACKSON, *ex dem.* JONES and others, *against* LYONS.

Where a de-      EJECTMENT for two messuages, &c. in the city of
fendant     in
ejectment    *Schenectady*, tried before Mr. Justice *Platt*, at the *Schenec-*
means to de-
fend as a te- *tady* circuit, in *August*, 1819.
nant in com-
mon with the
lessors of the plaintiff, on the ground that there has been no ouster of the co-tenants, he should ap-
ply to the Court, on affidavit, for leave to enter into the consent rule specially, stipulating to con-
fess *lease* and *entry* only, not *ouster*, unless an actual ouster of the plaintiff's lessors should be proved
at the trial.
Where ejectment was brought by one tenant in common, against his co-tenant, for an undivided
moiety, and the consent rule for an undivided moiety was entered into, in the common form, and
the plaintiff proved title to one undivided moiety only ; *Held*, that the defendant was entitled to
judgment, as to the one moiety, though as to the other the plaintiff was entitled to judgment by de-
fault.

By the consent rule entered into by the defendant, it was stated to be " for a certain piece or strip of ground lying along *College*-street, being two feet in breadth along *Union*-street, and nineteen feet in the rear; and also for one undivided half part or moiety of a certain house and lot of ground, situate in the second ward of," &c. At the trial, the lessors of the plaintiff admitted that they did not claim any part of the strip of land along *College*-street; and the witness stated that the defendant and his family occupied two rooms of the house in question on *College*-street, and that no other persons occupied any part of the premises. That *H. De Graff* died seised of the premises, (except the strip of land,) leaving four children, now living, two of whom married the lessors, *Jones & Haight*, and, with their husbands, are the lessors of the plaintiff. The defendant insisted, that as the plaintiff did not claim the strip of land, and had shown no title to one undivided moiety of the house and lot of ground, he could not, under the consent rule, recover against the defendant, and ought to be nonsuited.

The judge directed a verdict to be taken for the plaintiff, subject to the opinion of the Court as to the true construction of the consent rule ; and if the plaintiff was entitled to a verdict, then a judgment was to be entered for him, otherwise the verdict was to be set aside and a judgment of nonsuit entered.

*Huntington*, for the plaintiff. He cited *Burr. Rep.* 1895. 4 *Johns. Rep.* 31. *Runington on Eject.* 199. 2 *Taunt.* 397.

*Lush*, contra.

SPENCER, Ch. J. delivered the opinion of the Court. There is no question as to the strip of ground : it is admitted to belong to the defendant.

The defendant entered into the consent rule, and defended for an undivided moiety of the house, lot, &c. the plaintiff proved a title to a moiety only ; and it is now insisted that he is entitled to judgment on the verdict.

I am of opinion that the defendant is entitled to judgment. He has succeeded in negativing the plaintiff's right to one un-

divided moiety of the premises; and as to the other moiety, the plaintiff was entitled to judgment by default, there being no defence as to that. The case of *Languedyck* v. *Burhans*, (11 *Johns. Rep.* 462.) is directly to this point.

It is probable that the defendant meant to defend as a tenant in common, on the ground that there had been no ouster of the co-tenants. Had he applied, on an affidavit, stating that the lessors and the defendant were tenants in common, and that there had been no ouster, he would have been allowed to enter into the consent rule specially, stipulating to confess lease and entry, and also, ouster of the nominal plaintiff, in case an actual ouster of the plaintiff's lessors shall be proved at the trial, but not otherwise. (2 *Taunt. Rep.* 397.)

*Judgment for the defendant.*